UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN TENA,<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>     Defendant. | ) Case No. CV 10-7514-JFW (SP)<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR EAJA FEES AND<br>) COSTS<br>)<br>)<br>)<br>)<br>) |

## I.

## INTRODUCTION

On October 7, 2010, plaintiff Ruben Tena filed a complaint in this Court against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff contended the Administrative Law Judge ("ALJ") erred in five different respects. This Court entered Judgment in plaintiff's favor on January 20, 2012, reversing the decision of the Commissioner denying plaintiff benefits, and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court rejected most of plaintiff's arguments, but found that the ALJ erred in failing to obtain an explanation or

evidence to justify the Vocational Expert's ("VE") deviation from the Dictionary of Occupational Titles ("DOT"), and therefore the ALJ failed to meet the Commissioner's step five burden to demonstrate that plaintiff can perform other jobs that exist in the regional and national economy.

On March 7, 2012, plaintiff Ruben Tena filed a Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Motion").  Plaintiff is seeking a fee award in the amount of $8,453.74 based on 46.7 hours of attorney time at rates of between $180.59 and $184.16 per hour, including the time counsel spent working on the Reply brief in support of this Motion.

On April 20, 2012, defendant filed an Opposition to the Motion. Defendant contends that plaintiff is not entitled to recover any EAJA fees because the Commissioner was substantially justified in his position. Defendant further contends that, if the Court determines EAJA fees are appropriate, the fees sought should be reduced based on the limited nature of plaintiff's success on the claims he asserted, and because the hours claimed for work done by two attorneys are duplicative.

The Court finds that the Commissioner was not substantially justified in one of his positions, and therefore EAJA fees are appropriate.  But the fees sought by plaintiff are not reasonable under the circumstances.  Hence, for the reasons set forth below, the Court awards EAJA fees of $6,439.40.

## II.

## DISCUSSION

### A.   Legal Standard

The EAJA provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action

2

1   (other than cases sounding in tort), including proceedings for
2   judicial review of agency action, brought by or against the United
3   States in any court having jurisdiction of that action, unless the
4   court finds that the position of the United States was substantially
5   justified or that special circumstances make an award unjust.

6   28 U.S.C. § 2412(d)(1)(A).  Thus, to award attorney's fees under the EAJA, the

7   Court must determine that:  (1) the claimant was the prevailing party; (2) the

8   government has failed to show that its position was "substantially justified" or

9   that special circumstances make the award unjust; and (3) the requested fees

10  and costs are reasonable.  28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A).

11        There is no dispute here that plaintiff was the prevailing party.  But the

12  Commissioner contends that his position was substantially justified, and also

13  challenges the reasonableness of the fees sought.

14  **B.**     **The Government Has Failed to Show That Its Position Was**

15         **Substantially Justified**

16        In opposing an award of EAJA fees, "[t]he government has the burden of

17  proving its positions were substantially justified."  *Hardisty v. Astrue*, 592 F.3d

18  1072, 1076 n.2 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th

19  Cir. 1995)).  "Substantially justified" means "'justified in substance or in the

20  main' – that is, justified to a degree that could satisfy a reasonable person."

21  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490

22  (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008); *Lewis v.*

23  *Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).  In other words, the

24  government's position must have had a "reasonable basis in both law and fact."

25  *Pierce*, 487 U.S. at 565 (internal quotation marks and citations omitted); *accord*

26  *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

27        Where, as here, the ALJ's decision was reversed on the basis of

28  procedural errors, the question is *not* whether the government's

3

1   position as to the merits of [the claimant's] disability claim was

2   substantially justified. Rather, the relevant question is whether the

3   government's decision to defend on appeal the procedural errors

4   committed by the ALJ was substantially justified.

5   *Shafer*, 518 F.3d at 1071 (citations omitted).

6       The fact that plaintiff prevailed does not settle the question of whether

7   the Commissioner was substantially justified in his position. "[A] position can

8   be justified even though it is not correct, and we believe it can be substantially

9   (*i.e.*, for the most part) justified if a reasonable person could think it correct,

10  that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2;

11  *accord Lewis*, 281 F.3d at 1083; *see Le*, 529 F.3d at 1201 ("Though incorrect,

12  the commissioner's position was substantially justified within the meaning of

13  the fee statute."). Nonetheless, "it will be only a 'decidedly unusual case in

14  which there is substantial justification under the EAJA even though the

15  agency's decision was reversed as lacking in reasonable, substantial and

16  probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874

17  (9th Cir. 2005) (citation omitted).

18      Here, most of the positions taken by the Commissioner were substantially

19  justified, as plainly shown by the fact that this Court ruled in defendant's favor

20  on most of the issues raised. Although the Court determined the residual

21  functional capacity ("RFC") found by the ALJ was not supported by substantial

22  evidence with respect to plaintiff's vision, the Court also determined this error

23  was harmless.

24      But in deciding whether the Commissioner's position was substantially

25  justified, the question is whether the Commissioner's position was substantially

26  justified with respect to the issue on which the Court based its remand. *Lewis*,

27  281 F.3d at 1085. That issue here was the Court's finding that the ALJ failed to

28  obtain an explanation or persuasive evidence to justify the VE's deviation from

4

the DOT in two respects.

First, the VE's testimony that a person with plaintiff's RFC could do the jobs of Laundry Worker and Packer was inconsistent with the DOT, because the DOT classifies those jobs as requiring frequent near acuity, whereas the ALJ found plaintiff was limited to no more than occasional fine visual acuity.  But although the ALJ erred in not resolving this conflict, the Court finds that the Commissioner was substantially justified in his position with respect to this issue.  As the Court noted, the ALJ's finding with respect to this visual limitation was not supported by substantial evidence.  Although the Court disagreed with the Commissioner's position, there was a reasonable basis for the Commissioner's contention that there was persuasive evidence in the record to support the deviation.  Were this the only issue on which the Court remanded the case, plaintiff would not be entitled to EAJA fees.

But there was a second respect in which the ALJ failed to justify the VE's deviation from the DOT.  The VE's testimony regarding the jobs plaintiff could perform was also inconsistent with the DOT's classification of the jobs as requiring level 1 language development, given that the ALJ determined plaintiff is not able to communicate in English and is considered as illiterate in English. The Commissioner contends that he was also substantially justified in his position that there was sufficient evidence in the record to support the deviation. Although this is a close question, the Court disagrees with the Commissioner. While there may have been evidence in the record to support the deviation, the ALJ did not cite to that evidence, or even acknowledge the existence of the deviation.  The question is whether the Commissioner's decision to defend the ALJ's *procedural error* was substantially justified.  *See Shafer*, 518 F.3d at 1071.  The Court finds that it was not.

Because the Commissioner was not substantially justified in his position, plaintiff is entitled to EAJA fees.  The question, then, is the amount of the fees.

5

**C.**     **Determination of the Reasonableness of the Requested Fees**

"[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). There, the Supreme Court described a process in which the court must start with the lodestar claimed by the prevailing counsel, determine whether the documentation submitted in support of the claimed lodestar is adequate, and exclude any hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). In addition, "other considerations . . . may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained,'" particularly in cases in which the plaintiff "succeeded on only some of his claims for relief." *Id.* at 434.

The Commissioner contends that the fees sought by plaintiff are unreasonable in two respects. First, defendant contends the fees should be reduced to reflect the limited nature of plaintiff's success; that is, to reflect that plaintiff prevailed on only one of the five issues raised. And second, defendant contends that the fees sought include duplicative work by two lawyers. Defendant also anticipates plaintiff's reply brief, and suggests plaintiff should not be able to recover fees for work done by counsel on his reply to the extent such time was needlessly spent.

1.     Time Spent Developing Issues Rejected by the Court

The Commissioner contends that the fees sought by plaintiff should be reduced given that plaintiff prevailed on only one of the five issues raised. The Court agrees to the extent of finding that the results obtained indicate the fees sought by plaintiff are not reasonable, particularly when the nature of the work performed by plaintiff's counsel is also considered.

In *Hardistry v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010), the Ninth

1    Circuit found that nothing in the EAJA permits fees to be shifted to the

2    government as to issues not adjudicated by the court.  In part, the *Hardisty* court

3    declined to award fees for time spent on the issues not addressed by the district

4    court because a request for attorney's fees "should not result in a second major

5    litigation."  *Id.* at 1077-78 (citation omitted, internal quotation marks omitted).

6    The Ninth Circuit found that such extensive collateral litigation would result in

7    that case because, in order to determine whether the Commissioner's position

8    had been substantially justified on issues that the district court chose not to

9    reach in its original decision, the district court would have to review all other

10   challenges raised by the plaintiff, no matter how numerous.  *Id.* at 1078.  Here,

11   the Court reached all the issues raised by plaintiff, so that concern underlying

12   the *Hardisty* decision does not apply.

13           But the *Hardisty* court expressed another concern, namely, that to extend

14   the EAJA to award fees for work performed on issues not adjudicated by the

15   court would "constitute[] an extreme departure from the American Rule, as the

16   claimant failed to prevail on the remaining issues on which he seeks fees."  *Id.*

17   at 1077 (citations omitted).  This concern is consistent with the more general

18   consideration expressed in *Hensley* that a court must consider the results

19   obtained in determining the reasonableness of the fees sought.  *Hensley*, 461

20   U.S. at 434; *accord Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).  Where,

21   as here, a plaintiff succeeded on only some of his claims for relief, the Supreme

22   Court has prescribed that two questions must be addressed:

23           First, did the plaintiff fail to prevail on claims that were unrelated

24           to the claims on which he succeeded?  Second, did the plaintiff

25           achieve a level of success that makes the hours reasonably

26           expended a satisfactory basis for making a fee award?

27   *Hensley*, 461 U.S. at 434.

28           As to the first question, the Supreme Court contrasted cases in which a

7

plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories," with cases in which "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories" such that it is "difficult to divide the hours expended on a claim-by-claim basis." *Id.* at 434-35.  The Court finds that the issues raised here are more of the second type than the first.  Although the five issues raised by plaintiff were distinguishable from one another, the legal theories were related and overlapping, and they arose from a common core of facts.  Thus, this Court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

As to this second question, plaintiff did achieve significant success in that the matter has been remanded for reconsideration of certain bases for the ALJ's finding that plaintiff is not disabled.  This remand could result in a finding of disability.  At the same time, the matter has been remanded based on one fairly technical procedural issue.

Given the results obtained, and based upon the Court's review of the record – taking into account the length of the briefs and the issues involved, as well as counsel's experience – the Court concludes that the 29.2 hours of attorney time spent to prepare the Joint Stipulation and achieve the results in this case was not reasonable.[1]  Specifically, the Court concludes that the 13 hours spent by attorney Jones should be discounted by 50 percent, and that the 16.2 hours spent by attorney Koenig should be reduced by 2 hours.  The

---

[1]      The Court notes that it is not rejecting counsel's assertions that they spent the amount of time claimed.  Rather, the Court is simply concluding that the amount of time spent was unreasonable under the circumstances.  Lawyers work at different paces and speeds.  A non-prevailing party should not be penalized in a fee-shifting context because a lawyer's style of working results in greater than reasonable time being spent on preparing a pleading.

8

resulting total of 20.7 hours between the two attorneys is a reasonable time for preparing plaintiff's portions of the Joint Stipulation.

2.   Duplicative Work

The Commissioner claims that attorney Jones's work was duplicative of attorney Koenig's work, and therefore no fees should be awarded based on attorney Jones's work.  The Court disagrees.

As set forth above, the Court found that the time spent by attorney Jones was not entirely reasonable, given the results obtained and the subsequent work done by attorney Koenig.  As a result, the Court will subtract half of her time in determining the fees to be awarded.

But the Court does not find that the time spent by attorney Jones was entirely needless.  On the contrary, the Court accepts attorney Koenig's representation that the time spent by attorney Jones was of great value to him in finalizing plaintiff's opening portions of the Joint Stipulation.  Accordingly, the Court will not further discount the time spent by attorney Jones.

3.   Time Spent on Reply and Other Briefing

Finally, the Commissioner suggests that the time plaintiff's counsel spent in preparing the reply brief in support of plaintiff's fee application should not be included in the fees awarded, as such time was needlessly spent.  The Commissioner also suggests that the total time spent by plaintiff's counsel in general was not reasonable.  The Court agrees in part.

"[A]bsent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."  *Jean*, 496 U.S. at 161.  Plaintiff was entitled to spend time pursuing EAJA fees, and it was reasonable for plaintiff's counsel to file a reply brief.  But the Court finds that the 2.5 hours plaintiff claims for time to prepare the fee reply brief should be moderately reduced to 2.0 hours.

9

1    In addition, the Court finds that the 5.1 hours spent by plaintiff's counsel

2    to review defendant's objections to the Report and Recommendation and to

3    prepare a response to them was not reasonable, particularly given the extent to

4    which the objections and response overlapped with the briefing in the Joint

5    Stipulation.  Accordingly, the Court reduces those hours to 3.0.

6        4.    Fee Calculation

7        The Court therefore finds all but 11.1 hours of the 46.7 total hours that

8    counsel spent on plaintiff's case to be reasonable.

9        Under the EAJA, attorney fees were capped at a maximum rate of $125

10   per hour as of March 1996, "plus any 'cost of living' and 'special factor'

11   adjustments."  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  Based

12   on cost of living increases, plaintiff claims attorneys fees at a rate of $180.59

13   per hour for 2011 and up to $184.16 per hour for 2012,[2] based on the formula

14   approved in *Thangaraja*, 428 F.3d at 876-77.  Defendant does not object to

15   these rates.  The Court largely accepts these rates, except as follows.

16       First, plaintiff does not specify a rate for the work performed in 2010,

17   leaving the Court to speculate as to what rate plaintiff might seek for work

18   performed in that year.  Given plaintiff's position in his papers, the Court

19   assumes the parties intended that the 2010 rate be set according to the formula

20   approved in *Thangaraja*, 428 F.3d at 876-77, and the Court finds that formula

21   indeed dictates the appropriate rate.  Thus, based on the average consumer price

22   index figure for 2010 stated on the Consumer Price Index cited in paragraph 6

24       [2]    Specifically, in plaintiff's opening fee brief he claimed fees for

25   counsel's 2012 work at a rate of $181.98, based on the consumer price index

26   for January 2012, and in his reply brief, plaintiff claimed fees for counsel's

27   April 2012 work at a rate of $184.16, based on the consumer price index for

28   April 2012.  The Court finds it appropriate to award fees for 2012 at a single

     rate, as described below.

1   of the Koenig Declaration – that found at

2   ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt – the Court finds it

3   appropriate to calculate the fees for the work performed in 2010 at a rate of

4   $175.06 per hour.

5          Second, although the average consumer price index for 2012 can not yet

6   be determined, under the reasoning in *Thangaraja*, the Court finds it

7   appropriate to award fees for the work done in 2012 through April 2012 based

8   on the average consumer price index for the first four months of 2012.  Using

9   this average, the Court will calculate fees for the 2012 work at a rate of $183.41

10  per hour.

11         Accordingly, the Court finds, as required under the EAJA, that an EAJA

12  fee award of $6,439.40 is reasonable, calculated as follows: (2.2 hours x

13  $175.06, or $385.13 for 2010 work) + (25.4 hours x $180.59, or $4,586.99 for

14  2011 work) + (8.0 hours x $183.41, or $1,467.28 for 2012 work).  Although

15  these fees are somewhat higher than usual, they are warranted here given the

16  nature of the case, plaintiff's response to defendant's objections, and the fee

17  litigation.  The Court also finds the claimed costs of $350 to be reasonable.

18  //

19  //

20

21

22

23

24

25

26

27

28

1

## III.

2

## ORDER

3        For the reasons discussed above, plaintiff's Motion is GRANTED, and

4    plaintiff is awarded total EAJA fees of $6,439.40 plus $350.00 in costs.

5

6    DATED: May 25, 2012

7                                    _____

8                                    HONORABLE JOHN F. WALTER
                                     UNITED STATES DISTRICT JUDGE
9

10   Presented by:

11

12   _____

13                SHERI PYM
     UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28